MUL CIVIL

# CASE SUMMARY

## CASE NO. 15CV02439

**James Michael Murphy, MD**
vs
**Hannah Jolene Dockery Mosebach**

§
§
§
§
§

Location: **MUL Civil**
Filed on: **02/05/2015**

---

### CASE INFORMATION

**File Date** 02/05/2015
**Filed By** Murphy, James Michael, MD
**Filed Against** Dockery Mosebach, Hannah Jolene

Case Type: **Tort - General**
Case Flags: **Arbitration Eligible**

**Cause of Action**
- Original Action

**Description/Remedy**
Action

---

| DATE | CASE ASSIGNMENT |
|------|-----------------|

**Current Case Assignment**
Case Number                15CV02439
Court                          MUL Civil
Date Assigned              02/05/2015

---

### PARTY INFORMATION

**Plaintiff**        **Murphy, James Michael, MD**

Pro Se

**Defendant**     **Dockery Mosebach, Hannah Jolene**

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|------|------------------------------|-------|
| 02/05/2015 | **Cause of Action** - Original Action () <br> Filed By                    Murphy, James Michael, MD <br> Filed Against          Dockery Mosebach, Hannah Jolene <br> Action Type          Action | |
| 02/05/2015 | 🗎 Complaint <br> Filed By:  Plaintiff  Murphy, James Michael, MD <br> Serving:  Defendant  Dockery Mosebach, Hannah Jolene <br> Created: 02/06/2015 9:03 AM | |
| 02/05/2015 | **Service** <br> Dockery Mosebach, Hannah Jolene <br> Served: 02/19/2015 <br> Created: 02/06/2015 9:03 AM | |
| 02/06/2015 | Arbitration - Eligible <br> Created: 02/06/2015 9:03 AM | |
| 02/24/2015 | 🗎 Proof - Service <br> Party:  Defendant  Dockery Mosebach, Hannah Jolene <br> Created: 02/26/2015 1:49 PM | |

---

| DATE | FINANCIAL INFORMATION | |
|------|-----------------------|-|

**Plaintiff**  Murphy, James Michael, MD
Total Charges                                              567.00
Total Payments and Credits                         567.00
**Balance Due as of  3/11/2015**                    **0.00**

---

*Printed on 03/11 2015 at 9:37 AM*

**Exhibit 1**
**Notice of Removal**
**Page 1 of 9**

_Verified Correct Copy of Original 2/6/2015_

Multnomah County Circuit Court

15CV02439

James Michael Murphy MD
P.O. Box 55116
Portland, OR 97238
murphmic@gmail.com

31 JAN 2015

_____
Plaintiff – Pro Se

Court Case number

Complaint –Personal Injury
Slander - Defamation

Vs

Hannah Jolene Dockery Mosebach (DOB 8/08/1981)
~~11611 NE 41st Ave~~
~~Vancouver, WA 98686~~ 6801 Cornfoot Rd
                        Bldg 170
Defendant              Portland, OR
                    (Finance Dept – ANG base)

FILED 15 FEB -5 PH 2:36

**Facts Supporting the Complaint of Slander and Defamation**

On 7 December 2013 the Plaintiff, a physician, was notified in writing by a supervisor, Heidi Kjos MD, the clinic commander of the medical clinic of the Oregon Air National Guard (ORANG) in Portland, Oregon of a patient's accusation. The member had made a verbal complaint and signed a written statement of fact accusing the Plaintiff of performing a 'PAP smear 'during a routine screening interview / physical when she was a patient in the clinic in November of 2011. The patient alleged that a gyn exam occurred that was unchaperoned, not medically indicated and did not result in collection or processing of a specimen. The alleged incident, if it were true, would most likely be deemed inappropriate and subject to discipline in accordance with the clinic and the community medical standards.

The statements by the accuser are false and the accuser made them knowingly with malicious intent. The statements have caused permanent damages and constitute defamation. The accuser made these statements without privilege (absolute or qualified).

The defendant was offered the opportunity to recant her accusations and false statements, however she has refused. The defendant clearly did not make the defamatory statements in an effort to warn others, but rather the statements were made with malice for a secondary gain.

The patient who made these defamatory statements has been identified as the Defendant, Hannah Dockery Mosebach, an ANG member working at the ORANG base in Portland, Oregon. The incident occurred in Multnomah County and all parties involved were in Title 32 military

**Exhibit 1**
**Notice of Removal**
**Page 2 of 9**

status (State orders, not on federal orders) thus the jurisdiction for this case lies squarely in the Multnomah County Court.

## II. Claim

Initial hearings on this complaint (14CVD6604) resulted in dismissal without prejudice based on SLAPP or ORS 31.150. The Court erred in dismissing the complaint , the complaint is now being re- filed and should proceed to trial .The dismissal occurred because the defendant's counsel perpetrated a fraud upon the court. The defendant's counsel, essentially working for the government, provided a wildly edited, bias version of a For Official Use Only (FOUO) investigation as evidence. When after the court's decision, the entire FOUO report was made available to the Plaintiff; it provided clear and concise evidence that the defendant is not credible and has intentionally misled the military on several occasions in the past. The FOUO report also provided a preponderance of evidence that the specific allegation regarding the gyn exam is false. This evidence combined with the attached affidavits should leave no doubt that that the plaintiff is more likely than not to prevail in a claim demonstrating that the patient's statements which are not protected, are false and have caused damage.

The Defendant statements are not protected by ORS 31.150 because she has not met the requirements of the statute. The defendant does not have immunity.  Although initially she made the false statements in an executive forum, she also made the defamatory statements outside of this forum after her protected statement.   This is evidenced by the following:

The defendant told many individuals of the alleged incident. These individuals were not within her chain of command or counsel and she did not have a duty to notify them of her allegations. The defendant herself admits this and it was noted by the Nat Guard Bureau's Office of Complex Investigation (OCI) investigators in their interview with the accuser that the alleged victim told a lot of people about the incident because "it helps her deal with it."

The defendant continued to tell uninvolved individuals about her allegation even after she was warned against such conduct by her superiors. The Defendant in her declaration to the court revealed that she ultimately received a letter of reprimand (LOR) for speaking about her allegations outside of official channels on or about April 6, 2013. Defendant continues to speak outside of military channels.

Then in May of 2014, the defendant returned a call to a private investigative service (ICS), at their company office in Arizona. She did this of her own volition. She willingly and eagerly repeated her defamatory allegation. She did this, apparently believing that a harmful report would be sent to medical boards.  It was the defendant's apparent intention to damage the plaintiff's professional reputation and affect his ability to practice medicine. The Defendant intentionally did not contact her assigned special victims counsel (SVC) prior to contacting the private investigators. The defendant did not contact the SVC because she intended to use profanity and make defamatory statements (i.e. - calling the Plaintiff a "pervert") and could not do these things in military setting where she would be expected to maintain military bearing toward an officer.  The defendant has made similar claims published in the Oregonian.

### Plaintiff can demonstrate probability he will prevail on this claim.

The Defendant during the investigation demonstrated multiple inconsistencies in her recollection of the alleged incident, while at the same time demonstrating a suspiciously keen memory of an encounter that occurred further in the past. The Defendant has demonstrated multiple

**Exhibit 1**
**Notice of Removal**
**Page 3 of 9**

_ Verified Correct Copy of Original 2/6/2015_

Verified Correct Copy of Original 2/6/2015

inconsistencies in the documentation of her past gyn history during the investigations and in her military record. The defendant has demonstrated multiple inconsistencies in the documentation of her tobacco use. The defendant has failed to document in her military record any of her prescription drug use or psychological issues. The defendant has mischaracterized a past inappropriate relationship with a married supervisor/ officer.

These facts are the result of a close examination of the OCI report, private investigation and interviews with ORANG members and affidavits provided by two such witnesses. Plaintiff is confident further evidence will be provided if allowed discovery via depositions of other witnesses including Heidi Kjos, Michele Marshall, Brian Fredrick, Rachel Albright, Derek Jaeger and Tess Jaeger.

The Plaintiff is described in the OCI report as having "a good reputation and was credible during an interview with the OCI investigative team." The report failed to cite any inconsistencies or any evidence to support a lack of credibility on the part of the Plaintiff. There were no reports of similar incidents from any other female patients in the ORANG. The OCI investigators noted that it is "absurd that a reputable physician would risk his medical license, military and civilian career and livelihood by performing the unauthorized PAP exam."

## III. Prayer for Relief

Special Damages and Non- Economic Damages

Since the Oregon National Guard is composed of citizen soldiers (members of the local community), the defendant's defamatory statements regarding a physician have propagated throughout the general medical community, been published in a statewide newspaper and caused harm to the plaintiff's reputation outside the military base. This has had the reasonable expected effect of significantly diminishing the plaintiff's employment opportunities and future earnings. The Oregon Medical Board has opened a formal investigation in addition to the one conducted by the National Guard's OCI. The reaction of the Plaintiff's military supervisors to the false allegation and defamatory statements has already caused the plaintiff significant special damages through denial of training and deployment opportunities. The plaintiff is seeking $ 200,000 plus all incurred legal fees and court costs in special damages based on calculated losses that have already occurred and financial losses that are likely to occur as a result of the Defendant's defamatory statements.

The Plaintiff has also suffered non-economic damages from mental anguish, emotional distress, and anxiety causing damage to interpersonal and professional relationships. The defendant's defamatory statements have caused personal shame and impairment to the plaintiff's reputation and standing in the medical community. An investigation regarding the false accusation has proceeded for over 12 months exacerbating the emotional and financial distress. The plaintiff is seeking $100,000 in non-economic damages. Assuming a judgment in favor of the Plaintiff, the Plaintiff will seek collection by placing liens on any and all real property owned by the defendant and her spouse as well as garnishing the defendant's military wages and future earnings until the debt is paid in full. Plaintiff is seeking a total of $300,000 plus all incurred legal fees and court costs from this claim and the previously filed claim.

---

Exhibit 1
Notice of Removal
Page 4 of 9

_Verified Correct Copy of Original 2/6/2015._

I certify that the above is true and correct to the best of my knowledge under penalty of perjury. I will have the Defendant served with the complaint within 21 days.   Respectfully Submitted,

James Michael Murphy MD,

~~31 JAN 2015~~

5 Feb 2015

Exhibit 1
Notice of Removal
Page 5 of 9



# MULTNOMAH COUNTY SHERIFF'S OFFICE
**12240 NE GLISAN ST., • PORTLAND, OR 97230**

*Exemplary service for a safe, livable community*

**DANIEL STATON**
SHERIFF

**(503) 255-3600 PHONE**
**(503) 251-2484 TTY**
**www.mcso.us**

**County:** MULTNOMAH
**Court Case:** 15CV02439
**MCSO Case #:** 2015-265493
**Court:** CIRCUIT

RE: MURPHY,DR JAMES MICHAEL

VS.

DOCKERY-MOSELBACH,HANNAH

I here by certify that the attached

COMPLAINT
SUMMONS

was/were delivered to me for service on the 19 day of February, 2015, and was/were

duly certified to be true copy by PLAINTIFF.

I further certify that I served the papers upon

DOCKERY-MOSELBACH,HANNAH

on the 20 day of February, 2015 at 8:48:00 AM, at 6801 NE CORNFOOT RD # 170   , PORTLAND

DANIEL STATON, SHERIFF
Multnomah County, Oregon

By: _____
VOLKER,JESSIE  DPSST#: 44356

*FILED 2015 FEB 24 PM 2:29 CIRCUIT COURT FOR MULTNOMAH COUNTY*

_Verified Correct Copy of Original 2/...15_

**Exhibit 1**
**Notice of Removal**
**Page 6 of 9**

| #1 Served: | | Civil | Court |
|---|---|---|---|
| At: | | Case: 2015-265493 | Case #: 15CV02439 |
| | | Serve on Date: | |
| | | Appear on Date: | |
| | | Expire Date: | |
| | | #1: DOCKERY-MOSELBACH, HANNAH | |
| Date: /20 | Time: 848 | #2: | |
| | | #3: | |
| Deputy: Y435L | | Address: 6801 NE CORNFOOT RD  # 170 | |
| | | PORTLAND | |
| | | Remarks:  021915 LSB FINANCE DEPT | |
| | | PDNG BASE | |
| Typ of Process: | COMP    SUM | | |

| Deputy | Date | Time | Remarks |
|---|---|---|---|
| 23232 | 2/19 | 1520 | Office closed |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

*Verified Court Copy of Original 2/25/2015*

Exhibit 1
Notice of Removal
Page 7 of 9

265493

Verified Correct Copy of Original 2/25/2015.

15 FEB 19 AM 11:04
SHERIFF'S OFFICE
CIVIL PROCESS UNIT

# In the Circuit Court of the State of Oregon

For the County of ___Multnomah___

MURPHY
James Michael Murphy MD
PO B 55116, Portland, OR 97238 Plaintiff(s),

vs.

Mosebach
Hannah Jolene Dockery - Mosebach
Finance Dept. - ORANG
6801 Cornfoot Rd, Bldg 170
Portland, OR 97238
, Defendant(s).

Case No. ___15 CV 02439___

SUMMONS

To _____
Hannah Dockery - Mosebach - Defendant
_____
_____
, Defendant

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

J. Michael Murphy MD
SIGNATURE OF ☐ ATTORNEY ☐ AUTHOR FOR PLAINTIFF

James Michael Murphy MD
ATTORNEY'S / AUTHOR'S NAME (TYPED OR PRINTED)    BAR NO (IF ANY)

PO B 55116, Portland, OR
ADDRESS

Portland, OR    97238
CITY    STATE    ZIP    PHONE

N/A —    murphmic@gmail.com
FAX (IF ANY)    ATTORNEY'S E-MAIL ADDRESS (IF ANY)
Pro-se

_____
TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED)    BAR NO.

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.



J. Michael Murphy MD
ATTORNEY(S) FOR PLAINTIFF(S)
Pro-se

According to ORCP 7A, "a true copy of a summons and complaint" means an exact and complete copy of the original documents. No signed certification to that effect is necessary.

Page 1 – SUMMONS.

FORM No. 190 – SUMMONS
© 1985-2011 Stevens-Ness Law Publishing Co.
Portland, OR www.stevensness.com    BB

NO PART OF ANY STEVENS-NESS FORM MAY BE REPRODUCED IN ANY FORM OR BY ANY ELECTRONIC OR MECHANICAL MEANS.

**Exhibit 1**
**Notice of Removal**
**Page 8 of 9**

## PROOF OF SERVICE

STATE OF _____, County of _____) ss.

    I hereby certify that I made service of the foregoing summons upon the individuals and other legal entities to be served, named below, by delivering or leaving true copies of the summons and the complaint mentioned therein, certified to be such by the attorney for the plaintiff, as follows:

### Personal Service Upon Individual(s)

    Upon _____, by delivering such true copies to _____, personally and in person, at _____, on _____, at _____ o'clock ____.M.

    Upon _____, by delivering such true copies to _____, personally and in person, at _____, on _____, at _____ o'clock ____.M.

### Substituted Service Upon Individual(s)*

    Upon _____, by delivering such true copies at his/her dwelling house or usual place of abode, to-wit: _____ to _____, who is a person 14 years of age or older and a member of the household of the person served on _____, at _____ o'clock ____.M.

    Upon _____, by delivering such true copies at his/her dwelling house or usual place of abode, to-wit: _____ to _____, who is a person 14 years of age or older and a member of the household of the person served on _____, at _____ o'clock ____.M.

### Office Service Upon Individual(s)*

    Upon _____, at the office which he/she maintains for the conduct of business at _____ by leaving such true copies with _____, the person who is apparently in charge, on _____, during normal working hours, at _____ o'clock, ____.M.

### Mail Service Upon Individual(s)**

    Upon _____, by mailing such true copies to him/her by first class mail and ALSO to (check one): ☐ certified or registered mail with return receipt requested ☐ express mail.

### Service Upon Tenant(s) of a Mail Agent***

    Upon _____, by delivering such true copies to _____, a person apparently in charge of _____, which is the place where the mail agent receives mail for the tenant(s), its address being _____, on _____, at _____ o'clock, ____.M. Prior to effecting such service, I made diligent inquiry but could not find the tenant(s) so served.

### Service on Corporations, Limited Liability Companies, Limited Partnerships, General and Limited Liability Partnerships or Unincorporated Associations

    Upon _____, by
                             (NAME OF CORPORATION, LIMITED LIABILITY COMPANY, ETC.)

    (a) delivering such true copies, personally and in person, to _____ who is a/the _____ (Specify registered agent, officer (by title), managing member, general partner, etc.) thereof; OR

    (b) leaving such true copies with _____, the person who is apparently in charge of the office of _____, who is a/the _____ (Specify registered agent, officer (by title) director, general partner, managing agent, etc.) thereof;

at _____, on _____, at _____ o'clock ____.M.

Dated _____

_____
                        Sheriff

By _____
                        Deputy

    I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.

Dated _____

_____
                        SIGNATURE

_____
                TYPE OR PRINT NAME

_____
                       ADDRESS

CITY           STATE        ZIP       PHONE

The signature lines on the left should be used only by an Oregon county sheriff or deputy. All other servers should complete the certification on the right. The Proof of Service above contains most, but not all, of the permissible methods of service. For example, this form does not include proof of service upon a minor or incompetent person. See ORCP 7 D for permissible service methods with respect to particular parties.

*Where substituted or office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed, by first class mail, true copies of the summons and the complaint to the defendant at defendant's dwelling house or usual place of abode, together with a statement of the date, time and place at which such service was made. Use S-N Form No. 1149, Notice of Substituted or Office Service, or the equivalent.

**Service by mail may be made when required or allowed by ORCP 7 or by statute, except as otherwise permitted. If the summons and complaint are mailed, this certification may be made either by the person completing the mailing or by the attorney for any party, stating the circumstances of mailing and including the return receipt as an attachment. An attorney completing the mailing should delete ", nor attorney for" from the last paragraph of this document. Failure to serve a summons in accordance with ORCP 7 and other applicable rules and statutes may affect or nullify the validity of such service.

***Where service upon a tenant of a mail agent is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed, by first class mail, true copies of the summons and the complaint to the defendant(s) at the address at which the mail agent receives mail for the defendant(s) and to any other mailing address of the defendant(s) then known to the plaintiff, together with a statement of the date, time, and place at which delivery was made.

Page 2 – SUMMONS.

Verified Correct Copy of Original 2/25/2015.

**Exhibit 1**
**Notice of Removal**
**Page 9 of 9**